UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELVIN MATHIAS                                             CIVIL ACTION

VERSUS                                                    NO. 10-2835

OMEGA PROTEIN, INC., ET AL.                               SECTION "F" (3)

ORDER

On March 30, 2011, defendant's Motion to Compel Elvin Mathias' [sic] Complete Discovery Responses [Doc. #18], plaintiff's Motion to Compel Depositions and Supplemental Answers to Interrogatories and Responses to Request [sic] for Production [Doc. #33] and defendant's Motion to Compel Elvin Mathias' [sic] IME's [sic] and Medical Evaluations [Doc. #57] came on for oral hearing before the undersigned. Present were Joseph LoCoco and Virginia LoCoco on behalf of plaintiff and Harry Morse, Elton Duncan and Stephanie Hulett on behalf of defendant Omega Protein, Inc. After the oral hearing, the Court took the motions under advisement. Having reviewed the motions, the oppositions, the case law and the parties' oral arguments, the Court rules as follows.

**I.      Defendant's Motion to Compel Elvin Mathias' Complete Discovery Responses [Doc. #18]**

The Court grants the motion with respect to Request for Production ("RFP") Nos. 3 and 26. Consistent with this Court's past practice, Mathias shall sign a blanket medical authorization consistent with the Health Insurance Portability and Accountability Act. Should Omega propound

the signed, blanket medical authorization on any entity, Omega shall make any responsive documents deliverable directly to counsel for Mathias. Within three (3) days from receipt of any responsive documents, counsel for Mathias shall review the documents and deliver any non-privileged documents to counsel for Omega. Should counsel for Mathias withhold any documents on the ground of privilege, counsel for Mathias shall deliver such documents to this Court for *in camera* review.

The Court denies the motion as moot with respect to RFP No. 28. Omega's requests to Mathias's earlier employers are broad enough to encompass what Omega seeks through this discovery request.

The Court grants the motion in part with respect to Interrogatory ("Int.") No. 26 and RFP No. 17. It is incontrovertible that the collateral source rule applies in Jones Act negligence cases, *see Phillips v. Western Co. of North America*, 953 F.2d 923, 930 (5th Cir. 1992) ("the collateral source rule . . . is plainly applicable in Jones Act negligence cases"). However, "[b]ecause of the unique nature of maintenance and cure, normal rules of damages, such as the collateral source rule in tort, are not strictly applied." *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1246 (5th Cir. 1994) (quoting *Gauthier v. Crosby Marine Serv. Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985)). In *Davis*, the Fifth Circuit noted that, even where benefits may not be used to offset damages for Jones Act negligence, in some cases they may be used to offset an employer's obligation to pay maintenance and cure. The *Davis* court noted that "an injured seaman is not generally entitled to maintenance and cure when he does not incur any expense," unless the seaman has received monies "through his own efforts," such as monies from substitute employment or benefits from medical insurance purchased by the seaman "alone." 18 F.3d at 1246. The *Davis* court suggested, albeit in dictum, that where a seaman has

"contributed very little" to a benefit plan, payments from that plan might be deducted from the seaman's maintenance award. *Id.* at 1246; *see also Haughton v. Blackships, Inc.*, 462 F.2d 788,791 (5th Cir. 1972) (citing with approval a Fourth Circuit case in which maintenance and cure was offset by disability payments from a plan funded by the employer because benefit was best characterized as a voluntary undertaking by the employer to indemnify itself against potential maintenance and cure liability); *In re Gulf Pride Marine Serv., Inc.*, Civ. A. No. 96-1104, 1997 WL 118394, *10-14 (E.D. La. Mar. 14, 1997) (finding employer not entitled to set-off for Medicare payments with respect to Jones Act medical expenses but entitled to set-off with respect to cure).  Accordingly, the Court grants the motion in part with respect to any medical benefits that Mathias may have received. Loans, however, and all other monies are irrelevant under the case law and unlikely to lead to the discovery of admissible evidence.

The Court denies the motion with respect to Int. No. 30 and RFP No. 33.  There is no case law to support the argument that Mathias must respond to a discovery request directed at the claims – or potential claims – of a non-party such as his long-time girlfriend Judy Owens.  Should Omega seek discovery from a non-party such as Owens, it must subpoena Owens directly.

The Court grants the motion with respect to Int. No. 11.  Mathias stated that he would supplement his responses, and he shall do so.

**II.     Plaintiff's First Motion to Compel Depositions and Supplemental Answers to Interrogatories and Request for Production [Doc. #33]**

The Court grants the motion in part with respect to Int. Nos. 3 and 4.  The Court finds that the request for earlier accidents on Omega's purse vessels may lead to the discovery of admissible evidence.  The request is not overbroad given that Mathias has limited it to (1) a five-year period preceding his own accident and (2) accidents on purse boats only and not all of Omega's other

3

vessels.

The Court also grants the motion in part with respect to RFP No. 7. Omega responded that it would supplement its production should it find further responsive documents, but it has not done so. If Omega has found no further responsive documents, it should clearly state so.

The Court denies the motion as moot with respect to all other discovery requests. Omega has responded that it is aware of no further documents responsive to the other discovery requests. However, the Court reminds Omega of its obligation to supplement production under the Federal Rules of Civil Procedure. Should Omega fail to supplement its production with any future, responsive documents, the District Court may preclude use of such documents at trial.

With regard to the request for the dates for depositions, Omega represented at oral argument that it is doing everything in its power to produce the witnesses in Mississippi for their depositions. Within seven (7) days from the date of this Order, Omega shall provide final dates and times for the remaining witnesses. Should Omega be unable to contact a witness for a deposition, Omega shall fax a letter to the Court at (504) 589-4500, carbon-copying all counsel, and inform the Court of its inability to contact the witness.[1]

## III. Defendant's Motion to Compel Elvin Mathias' IMEs and Medical Evaluations [Doc. #57]

Given the District Court's recent grant of the motion to extend deadlines [Doc. #75], the Court grants the motion in part and denies the motion in part as outlined below.

Rule 35(a) of the Federal Rules of Civil Procedure provides that "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may

---

[1] At the oral hearing on the motions, Omega asked the Court to rule on the use at trial of the depositions. That is not a proper ruling for this Court. Such a motion is proper for the District Court.

4

order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown." Fed. R. Civ. P. 35(a). Thus, there is a two-part test for determining whether the motion will be granted. First, the physical or mental state of the party must be in controversy. Second, the moving party must show good cause as to why the motion should be granted. *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

Where "the moving party has already made an examination in the past, . . . the court will require a stronger showing of necessity before it will order repeated examinations." § 8A C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2234 at 475. The Second Circuit Court of Appeals has stated that a second examination is not necessary if there has already been an examination and a report that will enable the defendant to adequately defend the lawsuit. *DeCrescenzo v. Maersk Container Serv. Co.*, 741 F.2d 17, 21 (2d Cir. 1984). "Examples of circumstances which have been held sufficient to justify second examinations include: (a) separate injuries calling for examination by distinct medical specialties; (b) where a physician requires assistance of other consultants before he can render a diagnosis; (c) where the first examination was not adequate or complete; and (d) where a substantial time lag occurred between the initial examination and the trial." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992) (footnotes omitted).

For the majority of the requested independent medical evaluations ("IMEs"), none of the circumstances to justify a second examination of Mathias is present here. Given that Omega has directed Mathias's medical treatment since the accident and has chosen almost all of the doctors who performed the first examinations of Mathias, there is no justification for second examinations now at this late date with trial fast approaching. Omega has had all of Mathias's evaluations before it for

a lengthy time and has presented the Court with no good cause for the majority of the requested IMEs.

Notwithstanding the foregoing, the Court finds that Omega has demonstrated good cause for a neurological IME with Dr. Donald Adams. Mathias requested a neurological evaluation from Dr. Terry Millette. The Court finds that Omega is entitled to a neurological IME from a physician of its choosing given that Mathias has placed his neurological condition in controversy.

## IV.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that defendant's Motion to Compel Elvin Mathias' [sic] Complete Discovery Responses [Doc. #18], plaintiff's Motion to Compel Depositions and Supplemental Answers to Interrogatories and Responses to Request [sic] for Production [Doc. #33] and defendant's Motion to Compel Elvin Mathias' [sic] IME's [sic] and Medical Evaluations [Doc. #57] are granted in part and denied in part as outlined above.

New Orleans, Louisiana, this 1st day of April, 2011.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**